UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JON RAHN, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>GENZYME CORPORATION, et al.,<br><br>                Defendants. | No. 1:09-cv-11267-GAO<br><br>**CLASS ACTION** |
| VIVIAN OH, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>GENZYME CORPORATION, et al.,<br><br>                Defendants. | No. 1:09-cv-11299-GAO<br><br>**CLASS ACTION** |

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF HEAVY & GENERAL LABORERS' LOCALS 472 & 172 PENSION & ANNUITY FUNDS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND FOR APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL

I.     **PRELIMINARY STATEMENT**

Presently pending before this Court are at least two-related securities class action lawsuits (the "Actions") brought on behalf of all purchasers of Genzyme Corporation ("Genzyme" or the "Company") securities between June 26, 2008 and July 21, 2009, inclusive (the "Class Period"). The Actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78) and the Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional Investors Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds hereby move this Court for an Order to: (i) consolidate the Actions; (ii) appoint Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds as Lead Plaintiffs in the Actions under Section 21D(a)(3)(B) of the Exchange Act; and (iii) approve Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel and the law firm of Pyle Rome Ehrenberg PC ("Pyle Rome") to serve as Liaison Counsel.

This motion is made on the grounds that Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds are the most adequate plaintiffs, as defined by the PSLRA. Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds are precisely the types of institutional investors that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as institutional investors, Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds are accustomed to acting as fiduciaries and their experience in legal and financial matters will substantially benefit the class.

During the Class Period, Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds incurred a substantial $667,644.69 loss on their transactions in Genzyme shares. *See* Ehrenberg Decl., Ex. B.[1] To the best of their knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in these Actions. In addition, Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds, for the purposes of this motion, adequately satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure in that their claims are typical of the claims of the putative class and that they will fairly and adequately represent the interests of the class.

## II.   FACTUAL BACKGROUND

Genzyme operates as a biotechnology company worldwide.

The complaint charges Genzyme and certain of its officers and directors with violations of the Exchange Act. The complaint alleges that during the Class Period, defendants issued materially false and misleading statements regarding the Company's business prospects. Specifically, defendants misrepresented and/or failed to disclose the following adverse facts: (i) that the Company was experiencing serious problems and operational deficiencies at two of Genzyme's manufacturing facilities which caused a shortage of one of the Company's products, Myozyme – a treatment for a rare genetic disorder – and delayed approval of a new version of Myozyme, a drug known as Lumizyme; and (ii) that the Company was experiencing contamination problems at one of the Company's manufacturing facilities, which led Genzyme to halt production of two of its leading products - Cerezyme and Fabrazyme.

---

[1] References to the "Ehrenberg Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of Betsy Ehrenberg, dated September 28, 2009, and submitted herewith.

On July 22, 2009, Genzyme slashed its earnings and revenue forecasts for 2009, including its revenue projections for Myozyme, Cerezyme and Fabrazyme, due to the impact of the facility shutdown. During the Class Period, Genzyme's stock fell over 35%, resulting in a loss of over $8 billion to investors.

## III. ARGUMENT

### A. The Actions Should Be Consolidated for All Purposes

The Actions each assert class claims on behalf of Genzyme shareholders for alleged violations of the Exchange Act. The Actions name similar defendants (*i.e.*, the officers and directors of Genzyme) and involve the same factual and legal issues. The Actions are each brought by shareholders of Genzyme during the relevant time period who were injured by defendants' fraud that was perpetrated through the issuance of materially false and misleading statements. Consolidation is appropriate where there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42 (a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

### B. Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds Should Be Appointed Lead Plaintiffs

#### 1. The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the action entitled *Jon Rahn vs. Genzyme Corporation, et al.*, Civil Action No. 1:09-cv-11267-GAO caused the first notice regarding the

pendency of these Actions to be published on *GlobeNewswire*, a national, business oriented newswire service, on July 29, 2009. *See* Ehrenberg Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

    **2.    Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds Satisfy the "Lead Plaintiff" Requirements of the Exchange Act**

        **a.    Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds Have Complied with the Exchange Act and Should Be Appointed Lead Plaintiffs**

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on September 28, 2009. Pursuant to the provisions

of the PSLRA and within the requisite time frame after publication of the required notice on July 29, 2009, Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds timely move this Court to be appointed Lead Plaintiffs on behalf of all members of the class.

Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds have duly signed and filed a certification stating that they are willing to serve as the representative parties on behalf of the Class. *See* Ehrenberg Decl., Ex. C. In addition, Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds have selected and retained competent counsel to represent themselves and the Class. *See* Ehrenberg Decl., Exs. D-E. Accordingly, Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds have satisfied the individual requirements of 15 U.S.C. §78u4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiffs and approval of selection of Lead and Liaison Counsel as set forth herein, considered and approved by the Court.

      **b.**    **Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds Are Precisely the Type of Lead Plaintiffs Congress Envisioned When it Passed the PSLRA**

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities

litigation. Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds, as institutional investors, are precisely the types of Lead Plaintiffs Congress envisioned when it passed the PSLRA. *See id.*

### c. Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds Have the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Ehrenberg Decl., Ex. C, Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds incurred a substantial $667,644.69 loss on their transactions in Genzyme shares. *See* Ehrenberg Decl., Ex. B. Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds thus have a significant financial interest in this case. Therefore, Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiffs in these Actions and should be appointed Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### d. Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds Otherwise Satisfy Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisfy] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merch. Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 11, 1997). Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. Labranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari*, 2004 U.S. Dist. LEXIS 13898, at *18.

Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds satisfy this requirement because, just like all other class members, they: (1) purchased Genzyme shares during the Class Period; (2) were adversely affected by defendants' false and misleading statements; and (3)

suffered damages as a result thereof. Thus, Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds to represent the class to the existence of any conflicts between the interest of Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds and the members of the class. The Court must evaluate adequacy of representation by considering: (i) whether the class representatives' claims conflict with those of the class; and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, No. 02 MD 1472 (GEL), 2004 U.S. Dist. LEXIS 23946, at *53 (S.D.N.Y. Nov. 24, 2004).

Here, Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds are adequate representatives of the class. As evidenced by the injuries suffered by Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds and the Class, the interests of Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds are clearly aligned with the members of the class, and there is no evidence of any antagonism between Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds's interests and those of the other members of the class. Further, Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds have taken significant steps which demonstrate they will protect the interests of the class: they have retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds's proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner

Thus, Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds *prima facie* satisfy the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds's Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds have selected the law firm of Coughlin Stoia as Lead Counsel and the law firm of Pyle Rome as Liaison Counsel, firms which have substantial experience in the prosecution of shareholder and securities class actions. *See* Ehrenberg Decl., Exs. D-E.

Accordingly, the Court should approve Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds's selection of counsel.

### IV. CONCLUSION

For all the foregoing reasons, Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds respectfully request that the Court: (i) consolidate the Actions; (ii) appoint Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds as Lead Plaintiffs in the Actions; (iii) approve their selection of Lead and Liaison Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

DATED: September 28, 2009          PYLE ROME EHRENBERG PC
                                   BETSY EHRENBERG (BBO #554628)


                                              /s/ *Betsy Ehrenberg*
                                   BETSY EHRENBERG

18 Tremont Street, Suite 500
Boston, MA 92108
Telephone: 617/367-7200
617/367-4820 (fax)
behrenberg@pylerome.com

[Proposed] Liaison Counsel

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiffs

I:\Genyzme 2009\LP Motion\LP Memo.doc