UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM PANZINI and EDNA PANZINI, Derivatively on behalf of GENZYME CORPORATION,<br>                Plaintiffs,<br><br>v.<br><br>HENRI A. TERMEER, MICHAEL S. WYZGA RICHARD A. MOSCICKI, DOUGLAS A. BERTHIAUME, GAIL K. BOUDREAUX, CONNIE MACK III, RICHARD F. SYRON, ROBERT J. CARPENTER, CHARLES L. COONEY, VICTOR J. DZAU, MARK R. BAMFORTH, ZOLTAN CSIMMA, THOMAS J. DESROSIER, DAVID MEEKER, ALAN E. SMITH, SANDFORD D. SMITH, PETER WIRTH, GEORGES GEMAYEL AND EARL M. COLLIER, JR.,<br>                Defendants,<br><br>and<br><br>GENZYME CORPORATION,<br>                Nominal Defendant. | Civil Action No. 09-12170-GAO |
| JACK R. BALL, Derivatively on behalf of GENZYME CORPORATION,<br>                Plaintiff,<br><br>v.<br><br>HENRI A. TERMEER, MICHAEL S. WYZGA RICHARD A. MOSCICKI, DOUGLAS A. BERTHIAUME, GAIL K. BOUDREAUX, CONNIE MACK III, RICHARD F. SYRON, ROBERT J. CARPENTER, CHARLES L. COONEY, VICTOR J. DZAU, MARK R. BAMFORTH, ZOLTAN CSIMMA, THOMAS J. DESROSIER, DAVID MEEKER, ALAN E. SMITH, SANDFORD D. SMITH, PETER WIRTH, GEORGES GEMAYEL AND EARL M. COLLIER, JR.,<br>                Defendants,<br><br>and<br><br>GENZYME CORPORATION,<br>                Nominal Defendant. | Civil Action No. 09-12198-GAO |

ORDER
February 19, 2010

O'TOOLE, D.J.

In light of the parties' stipulation, the following Order is entered:

**A.     CONSOLIDATION**

1. The following above-captioned actions are hereby consolidated for all purposes, including pretrial proceedings, trial and appeal:

| **Abbreviated Case Name** | **Case Number** | **Date Filed** |
|---|---|---|
| William Panzini and Edna Panzini v. Termeer, et al. | Case No. 1:09-cv-12170-GAO | December 22, 2009 |
| Jack R. Ball v. Termeer, et al. | Case No. 1:09-CV-12198-GAO | December 28, 2009 |

2. The caption of these consolidated actions shall be "*In re Genzyme Corp. Derivative Litigation*" and the files of these consolidated actions shall be maintained in one file under Master File No. 1:09-cv-12170-GAO (the "Consolidated Action"). The above-captioned actions and any other shareholder derivative action on behalf of Genzyme Corporation filed in, or transferred to, this Court arising out of or relating to the same facts and claims as those contained in the above captioned actions, are consolidated for all purposes under the Consolidated Action.

3. Every pleading filed in the Consolidated Action, or in any separate action included herein, shall bear the following caption:

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re GENZYME CORP. DERIVATIVE LITIGATION | Master File No. 1:09-cv-12170-GAO |

4. When a pleading is intended to be applicable to all actions governed by this Order, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above. When a pleading is intended to be applicable to only some, but not all, of the consolidated actions, this Court's docket number for each individual action to which the pleading is intended to be applicable and the abbreviated case name of said action shall appear immediately after the words "This Document Relates To:" in the caption described above.

5. A Master Docket and a Master File hereby are established for the above consolidated proceedings and for all other related cases filed in or transferred to this Court.

6. When a case that properly belongs as part of the Consolidated Action is filed in this Court or transferred to this Court from another court, the Clerk of this Court shall:

    a. place a copy of this Order in the separate file for such action;

    b. mail to the attorneys for the plaintiff(s) in the newly-filed or transferred case a copy of this Order and direct that this Order be served upon or mailed to any new defendant(s) or their counsel in the newly-filed or transferred case; and

    c. make an appropriate entry on the Docket. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that properly might be consolidated as of the filing of the parties' Stipulation.

B.  **PENDING, SUBSEQUENTLY FILED, AND TRANSFERRED RELATED ACTIONS**

1. Each and every putative action filed in, or transferred to, this Court arising out of or relating to the same facts and claims as those claims alleged in this Consolidated Action shall constitute a case related to the Consolidated Action ("Related Action" or the "Related Actions").

2. Each Related Action shall be governed by the terms of this Order and shall be consolidated for all purposes with the Consolidated Action.

C.  **PREVIOUSLY FILED PAPERS**

1. All papers previously filed and served to date in any of the cases consolidated herein are deemed to be and are hereby adopted as part of the record in the Consolidated Action.

D.  **SERVICE OF PROCESS**

1. Within ten (10) days of the entry of this Order, the defendants' counsel shall appear for and be deemed to have accepted service on behalf of all defendants not already served, without waiving any defense, including defenses based upon personal or subject matter jurisdiction. No defendant shall have any obligation to answer, move or otherwise respond to the existing complaints pending the filing of a Consolidated Amended Complaint and the expiration of the stay entered pursuant to Section 7.43 of the MBCA.

E.  **ORGANIZATION OF LEAD PLAINTIFF, LEAD COUNSEL AND LIAISON COUNSEL**

1. Plaintiffs Mr. and Mrs. Panzini and Mr. Ball shall be appointed Lead Plaintiffs in the Consolidated Action.

2. The law firm of Barroway Topaz Kessler Meltzer & Check, LLP shall be appointed Lead Counsel for the plaintiffs in the Consolidated Action.

3. Lead Counsel shall have authority to speak for the plaintiffs in matters regarding pretrial and trial procedure and settlement negotiations, and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

4. Lead Counsel shall be responsible for coordination of all activities and appearances on behalf of the plaintiffs and for the dissemination of notices and orders of this Court. No motion, request for discovery or other pretrial proceedings shall be initiated or filed by the plaintiffs except through Lead Counsel.

5. Lead Counsel shall also be available and responsible for communications to and from this Court. Lead Counsel shall be responsible for the creation and maintenance of a master service list of all parties and their respective counsel.

6. The law firm of Gilman and Pastor, LLP shall be appointed as Liaison Counsel. Liaison Counsel shall have authority to receive orders, notices, correspondence, and telephone calls from the Court on behalf of all plaintiffs and shall be responsible for the preparation and transmission of copies of such orders, notices, correspondence, and memoranda of such telephone calls to the plaintiffs' counsel.

7. The defendants' counsel may rely upon all agreements made with Lead Counsel or other duly authorized representatives of the plaintiffs and such agreements shall be binding on the plaintiffs.

**F.     SCHEDULE**

1. Pursuant to Section 7.43 of the MBCA, proceedings in the Consolidated Action shall be stayed sixty (60) days from the day this Order is entered. At the end of the sixty (60) day stay period, the defendants shall file with the Court a report indicating the status of the Special Committee's investigation.

2. Lead Plaintiffs shall file and serve a Consolidated Complaint thirty (30) days after the stay is lifted. The defendants need not respond to any of the pre-existing complaints. The Consolidated Complaint shall not constitute an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(A) or a similar rule or law.

3. The defendants shall answer or otherwise respond to the Consolidated Complaint, including by making a motion to dismiss pursuant to Section 7.44 of the MBCA, no later than forty-five (45) days after the day on which Lead Plaintiffs file their Consolidated Complaint.

4. In the event that the defendants file and serve any motion directed at the Consolidated Complaint, Lead Plaintiffs shall file and serve their Opposition no later than thirty (30) days after the day on which the defendants filed their response, unless Lead Plaintiffs move for an order to modify the discovery stay imposed by Section 7.44(d) of the MBCA in connection with a motion by the defendants pursuant to Section 7.44 of the MBCA. In the event that Lead Plaintiffs move for such an order authorizing specified discovery, the parties shall confer in good faith to propose an alternative schedule for the Court's approval, including, if necessary, a briefing schedule for any motion Lead Plaintiffs might file seeking discovery.

5. The defendants may file a reply brief no later than twenty (20) days after the day on which Lead Plaintiffs file their Opposition.

6. Nothing herein shall prejudice the defendants' rights to seek and obtain a further stay at the end of the stay period, and nothing herein shall prejudice the plaintiffs' rights to oppose such additional stay.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge