# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

In re: Genzyme Corporation Securities
Litigation

Civil Action No. 09-cv-11267(GAO)

**LEAVE TO FILE GRANTED ON
JULY 18, 2011**

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Mark R. Bamforth, Alison Lawton, Geoffrey McDonough, David P. Meeker,

Henri A. Termeer and Michael S. Wyzga (collectively "Individual Defendants"), respectfully

submit this Notice of Supplemental Authority to bring to the Court's attention the recent decision

of the United States Supreme Court in *Janus Capital Group, Inc. et al* v. *First Derivative

Traders,* 564 U.S. _____, 131 S.Ct. 2296 (2011), which was decided on June 13, 2011.  A copy

of the slip opinion is attached hereto as Exhibit A.

## I.      *Janus Decision*

*Janus*  involved a securities class action brought under Section 10b of the Securities

Exchange Act and Rule 10b-5 thereunder, alleging that the Defendant, Janus Capital Group, Inc.

("JCG") and its wholly-owned subsidiary, Janus Capital Management LLC ("JCM") made

misrepresentations in prospectuses issued by the Janus Investment Fund, a mutual fund.  JCM

was the investment adviser to the fund, which was organized as a business trust.  Specifically,

plaintiffs alleged that JCM had caused Janus Investment Fund to make misrepresentations about

the Fund's policies with respect to market timing of mutual funds.  As described by the Court,

market timing is an investment strategy that attempts to exploit the time delay in open end

mutual fund pricing by trading frequently into and out of the funds. The complaint alleged that the Fund's prospectuses claimed that the Janus Investment Fund did not permit market timing when, in fact, it did. When the truth was revealed, the complaint alleged, JCG's stock dropped.

Following dismissal of plaintiff's complaint by the District of Maryland and reversal of that decision by the Fourth Circuit, the Supreme Court granted certiorari to address whether JCM could face primary liability in a private civil action under Rule 10b-5 for false statements contained in Janus Investment Fund's prospectuses.[1] Section 10b of the Exchange Act and Rule 10b-5 therunder, make it unlawful for "any person, directly or indirectly, . . . [t]o make any untrue statement of a material fact" in connection with the purchase or sale of securities. 17 C.F.R. § 240.10b-5(b). The Court held that JCM did not "make" the material misstatements because it did not have the "ultimate authority" over the prospectuses, which were issued not by JCM but by Janus Investment Fund.

The Court reasoned that even though JCM had a significant operational role with respect to the management of the Janus Investment Fund, only the Fund had "ultimate authority" over the content of the prospectuses themselves, and thus when and in what manner the alleged misstatements were made. In so holding, the Supreme Court further elucidated the line between primary liability under Rule 10b-5, for which a private action is implied, and secondary (or aiding and abetting) liability, for which no private action is permitted. *See Janus*, slip op. at 6-7. The Court emphasized the need for a clear delineation in order for the prohibition on private actions alleging secondary liability to have any force. *See id.* at 7 & n.6.

---

[1] JCG was sued as a "control person" of JCM under Section 20(a) of the Exchange Act. The Individual Defendants here have also been sued as control persons of Genzyme. *Janus* does not address the scope of control person liability.

## II.    Application to the Individual Defendants' Motions

*Janus* supports the Individual Defendants' Motion to Dismiss in two key ways.  First, *Janus*  undermines and effectively eliminates the already tenuous doctrine of "group pleading," by which some courts permit a securities fraud plaintiff to state a claim against an individual Defendant based on statements in a document which she did not sign on the presumption that the individual made some contribution to the group-published statement.  *See generally* Memorandum in Support of Individual Defendants' Motion to Dismiss (Docket No. 66) at 2-5 (hereinafter Ind. Def. Mem.).  Under *Janus*, in order to state a claim for primary liability against an individual, plaintiffs must plead and prove that an allegedly silent contributor to a group-published document had the ultimate authority over the allegedly false statement.  *See  Janus¸* slip op. at 6-7.   Mere contributors to a group-published document cannot be primarily liable under Rule 10b-5.

Given the absence of sufficient allegations in the Complaint otherwise, *Janus* thus requires the dismissal of any claims against the Individual Defendants based on statements made in documents which they did not sign or statements not specifically attributed to them.  Mr. Bamforth, Dr. Meeker, Ms. Lawton and Dr. McDonough are not alleged to have signed any documents and it is clear that none of these four individuals had the "ultimate authority" over the issuance of such corporate documents.[2]  *See also* Ind. Def. Mem. at 2-4.  Similarly, Mr. Wyzga and Mr. Termeer are alleged to have signed only certain of Genzyme's written public statements.

---

[2] It is unclear whether, after *Janus*, the mere signatures of Mr. Termeer and Mr. Wyzga on certain documents are sufficient to subject them to liability for "making" any allegedly false statements in Genzyme's corporate filings but *Janus* at least leaves open the possibility for liability to be imposed on that basis.  *Cf. Janus*, slip op. at 6.

Even if it may be presumed that, by virtue of their positions, those Defendants participated in the drafting of the written documents, the Court has now held in *Janus* that influence over the final content of the document is insufficient to subject a Defendant to primary liability under Rule 10b-5 for allegedly making misrepresentations.

Plaintiffs' Complaint alleges only that "[t]he Individual Defendants were involved in drafting, producing, reviewing, approving and/or disseminating the materially false and misleading statements and information alleged in this Complaint[.]"  Compl. ¶ 32.  *Janus* forecloses liability based on mere "involvement": "[w]ithout control, a person or entity can merely suggest what to say, not 'make' a statement in its own right.  One who prepares or publishes a statement on behalf of another is not its maker."  *Janus*, slip op. at 6.  Attachments A-F to the Individual Defendants' Reply Brief identify the only statements specifically attributed to each of the Individual Defendants.

Second, *Janus* lends further support to the Individual Defendants' argument that they cannot be held liable for oral statements made by others in their presence which Plaintiffs' allege to be materially false.  *See* Reply Memorandum in Support of the Individual Defendants' Motion to Dismiss (Docket No. 73) at 10- 12 (hereinafter Reply Mem.).  The Court in *Janus* stated that "[t]his rule might best be exemplified by the relationship between a speechwriter and a speaker. Even when a speechwriter drafts a speech, the content is entirely within the control of the person who delivers it.  And it is the speaker who takes credit—or blame—for what is ultimately said." *Janus*, slip op. at 7.  There are no allegations in the Complaint from which this Court could infer that any Defendant other than the actual speaker was the ultimate authority for the issuance of those oral statements. Absent competent allegations of actual control by, for example, Mr.

Termeer, of a statement made by, for example, Dr. Meeker, Mr. Termeer cannot be held primarily liable under Rule 10b-5 for statements by any other individual Defendant.  The same is true for each of the Individual Defendants with respect to oral statements made by his or her co-Defendants.

*        *        *

Based on the Supreme Court's *Janus* decision, and for reasons stated in the Individual Defendants' Motion to Dismiss and Memoranda in support thereof, the Complaint should be DISMISSED WITH PREJUDICE against the Individual Defendants.

Respectfully submitted,

MARK R. BAMFORTH, ALISON
LAWTON, GEOFFREY MCDONOUGH,
DAVID P. MEEKER, HENRI A. TERMEER
AND MICHAEL S. WYZGA

By their attorneys


/s/ Michael T. Marcucci

---

John D. Hanify, BBO# 219880
Michael T. Marcucci, BBO#  652186
JONES DAY
100 High Street
Boston, MA  02110-1781
Telephone:  (617) 960-3939
Facsimile:  (617) 449-6999
mmarcucci@jonesday.com
Counsel for Individual Defendants



Dated: July 19, 2011

BOI-6369v2

## CERTIFICATE OF SERVICE

I certify that the foregoing Notice of Supplemental Authority was filed this 19th day of July 2011 through the Court's CM/ECF system, which will serve a copy upon counsel of record listed in the Notice of Electronic Filing. I am not aware at this time of counsel of record who require paper copies.

/s/ Michael T. Marcucci

Michael T. Marcucci

BOI-6369v2