UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: )<br>GENZYME CORPORATION. )<br>_____)<br>JOHN RAHN, individually and on behalf of all )<br>others similarly situated, )<br>                Plaintiff, )<br>)<br>v. )<br>)<br>GENZYME CORPORATION and HENRI A. )<br>TERMEER, )<br>                Defendants. )<br>_____)<br>_____<br>VIVIAN OH, individually and on behalf of all )<br>others similarly situated, )<br>                Plaintiff, )<br>)<br>v. )<br>)<br>GENZYME CORPORATION and HENRI A. )<br>TERMEER, )<br>                Defendants. )<br>_____) | Civil Action No. 09-11267-GAO<br><br><br><br><br><br><br><br><br><br><br><br><br><br>CONSOLIDATED<br><br>Civil Action No. 09-11299-GAO |

OPINION AND ORDER
December 21, 2012

O'TOOLE, D.J.

      The plaintiffs brought this action for securities fraud against Genzyme and several of its executives for violations of Section 10(b) of the Securities and Exchange Act. This Court granted the defendants' motions to dismiss the consolidated class action complaint in March 2012. The plaintiffs have moved for relief from the final judgment (dkt. no. 102) pursuant to Rule 59 of the Federal Rules of Civil Procedure and for leave to amend their complaint (dkt. no. 102).

Amendment or alteration of a judgment is "an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citations omitted). Rule 59(e) is not a mechanism to rehash failed arguments or raise new one that "could, and should, have been made before judgment was issued." ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008) (quoting FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)). Rather, to prevail a party must prove an error of law, a change in the controlling law, or present newly discovered evidence. Soto-Padro v. Pub. Bldgs. Auth., 675 F.3d 1, 9 (1st Cir. 2012). Here, the plaintiffs contend they are entitled to relief because the Court's dismissal of the complaint was based in part on a factual error that led to an erroneous legal conclusion and, separately, that the plaintiffs have discovered new evidence and should be allowed to amend the complaint to incorporate it.

The plaintiffs' first argument rests on a parsing of the wording of the dismissal order rather than on a sensible understanding of its reasoning. One might have a semantic debate about whether a communication from the FDA "referenced" a prior communication when the letter mentioned the subject matter of the former but did not specifically identify it. The fundamental conclusion of the dismissal order was that the information that the plaintiffs allege the defendants "knew," including all the communications and interactions with the FDA, "[t]aken collectively . . . do not give rise to a cogent and compelling inference" of scienter, (Opinion and Order, March 30, 2012 at 21 (dkt. no. 100)), and any potential inference of scienter would be further weakened by the facts about the various

disclosures of adverse information that the defendants did make. Id.[1] That conclusion is not altered even if the "facts" were restated more to the plaintiffs' liking.

The plaintiffs also allege they have discovered new evidence that warrants changing the prior dismissal to one "without prejudice" and permitting them to amend their complaint. The new evidence consists of testimony provided by thirteen former Genzyme employees that relates to deficiencies at the Allston plant. The plaintiffs contend this information bolsters their claim that the defendants knew, or should have known, that the CGMP deficiencies caused the viral outbreaks at the Allston plant which jeopardized the Lumizyme BLA.

A motion for reconsideration must be denied where the "new evidence" consists of information that, in the exercise of due diligence, could have been presented earlier. See Emmanuel v. Int'l Broth. Of Teamsters, Local Union No. 25, 426 F.3d 416, 422 (1st Cir. 2005). At the very least the parties must put forth a "cogent reason" as to why this evidence could not have been offered at an earlier stage of the proceedings. Fisher v. Kadant, Inc., 589 F.3d 505, 513 (1st Cir. 2009). No such reason is offered here. The plaintiffs themselves admit that most of this evidence could have been presented earlier. "Plaintiff's investigators were unable to contact and interview these new witnesses until after the Complaint had been filed and, in most cases, after briefing on Defendants' motions to dismiss was complete." (Decl. in Support of Motion to Amend 1-2 (dkt. no. 103).) The Amended Complaint in this case was filed on March 1, 2010, and the dismissal order was entered a little more than two years later on March 30, 2012. The plaintiffs have not put forth any persuasive reason for waiting until April 27, 2012, after the

---

[1] "Much information of the kind the plaintiffs contend was concealed was in fact made public, and promptly so. The record clearly establishes Genzyme's repeated and timely disclosures of those facts material to investors. The disclosure of the February 2009 Warning Letter, the July 2009 FDA letter, the November 2009 Form 483, the February 2009 Complete Response Letter, the November 2009 Complete Response Letter, and the May 2009 delay of the FDUFA date all establish Genzyme's transparency throughout the class period." In re Genzyme Corp., (Opinion and Order, March 30, 2012 at 21).

dismissal, to move to amend the complaint. Their "new evidence" appears to be simply an attempt to reargue the case after an adverse decision.

The Motion to For Relief from Final Judgment (dkt. no. 102) and the Motion to Amend (dkt. no. 102) are DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge